STANLEY NOVAK, Respondent, v. GREATER NEW YORK SAVINGS BANK, Appellant.— On this appeal from a judgment of the Supreme Court, Kings County, entered October 29, 1970, in favor of plaintiff upon a jury verdict, we previously reversed the judgment, on the law, and directed judgment to be entered in plaintiff's favor in the reduced amount of $660.67 with interest, but the Court of Appeals reversed our determination and remitted the case to us for a review of the facts (*Novak* v. *Greater N. Y. Sav. Bank,* 37 A D 2d 571, revd. 30 N Y 2d 136). Judgment affirmed, with costs. The action is to recover plaintiff's account in defendant savings bank. The evidence showed that $12,000 had been paid out of the account by defendant to a man who presented plaintiff's bank book and a withdrawal order purportedly signed by plaintiff. In reversing the judgment this court was of the view that since the allegedly forged signatures (upon the withdrawal order, the back thereof and the $12,000 bank check) were almost identical to the genuine signature of plaintiff on file with defendant, there was insufficient evidence of negligence on the part of defendant in paying out the $12,000 to create an issue of fact for the jury. The Court of Appeals, in its opinion in reversing this court, agreed that its prior decisions, relied upon by this court, "indicate that in the usual case the bank will be exonerated if its employees have compared the signature on the withdrawal slip with the one in their records and found that the difference, if any, was not marked or apparent" (p. 142) and that these decisions "suggest that the question whether the bank has exercised due care, and thus, satisfied its burden of proof may be treated as one of law where the apparent forgery is similar to the genuine signature" (p. 141). Nevertheless, the Court of Appeals took the view that this was not the usual case. It specifically noted that on a Monday morning soon after the bank opened the passbook was presented and a cash withdrawal of $12,000, out of a balance of about $12,700, was demanded by the person presenting the passbook; that the bank's usual custom was not to make additional inquiry if the tellers and officers were satisfied with the authenticity of the signature; and that plaintiff's expert testified that this custom fell short of prudent banking practices. On this showing, it concluded that "sufficient evidence was presented to create a jury question as to whether, under all the circumstances, a mere checking of signatures satisfied * * * [the bank's] obligation to exercise due care" (p. 143). Consistent with the views expressed by the Court of Appeals, the judgment entered upon the jury verdict in plaintiff's favor should be affirmed. Rabin, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.

DEBORAH B. PHILIPS, Respondent, v. ROBERT J. PHILIPS, Appellant.— In a habeas corpus proceeding concerning custody of a minor child of the parties, the appeal is from an order of the Family Court, Westchester County, dated December 17, 1971, which *inter alia* sustained the writ and awarded custody to relator. Order affirmed, without costs. Custodial determination was appropriate to the circumstances of this fact pattern. In addition, counsel fees may be awarded pursuant to subdivision (b) of section 237 of the Domestic Relations Law. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.